**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LISA MONTES, ON HER OWN BEHALF**
**AND OTHERS SIMILARLY SITUATED,**

        **Plaintiff,**

**-vs-**                                              **Case No.  6:05-cv-1315-Orl-28DAB**

**VINELAND LLC, a Foreign Limited**
**Liability Corporation,**

        **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT (Doc. No. 21)**
>
> **FILED:**    **January 12, 2006**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff is suing for unpaid overtime compensation, minimum wages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") and for unpaid wages under Section 448 of the Florida Statutes. Doc. No. 18. Defendant answered and asserted the affirmative defenses of estoppel and waiver (Doc. No. 19 ¶ 27), which Plaintiff contends are precluded by the FLSA.

Federal Rule of Civil Procedure 12(f) allows "[u]pon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense." FED. R. CIV. P. 12(f). "Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." 5A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1380 (2d ed. 1990). "[I]t must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party. . . . Thus, even when technically appropriate and well-founded, they often are not granted in the absence of a showing of prejudice to the moving party." *Id.*

Defendant's theory for defending the case is that Plaintiff had other workers punch her timecard for her when she was not at work, resulting in inflated hours being reported on her time card; when Defendant asked Plaintiff to meet to discuss the actual hours worked, she refused, thus waiving her right to complain about not being paid for the hours. Doc. No. 23. Defendant also contends that the defense of estoppel may apply if a plaintiff intentionally reports the wrong number of hours worked. *See Brumbleow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972) (holding that plaintiff was estopped from asserting FLSA overtime claim "and could not profit from her own wrong in furnishing false data" where plaintiff intentionally under reported her hours worked).

In addition, "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiff fair notice of the nature of the defense." FEDERAL PRACTICE AND PROCEDURE § 1274 at 455-56. A defendant is

not required under the Federal Rules to support its affirmative defenses with elaborate factual detail.

As the authors of the Federal Practice and Procedure Treatise have explained:

> [E]ven when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits. . . . Unless the court is willing to treat a motion under Rule 12(f) as a "speaking" motion, a motion to strike cannot be used to test the underlying merits of the defense because the defense appears to be valid on the basis of the pleading and its insufficiency only can be demonstrated by material that is outside the pleadings. . . . The appropriate remedy appears to be a motion for a partial summary judgment under Rule 56(d), which will enable the court to enter an order indicating that the defense no longer is in controversy.

5A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1380 (2d ed. 1990).   Plaintiff's challenge to the Defendants' affirmative defenses is premature and is denied without prejudice to its reassertion in a motion for summary judgment.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 25, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy