# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LISA OWENS, and JACQUELYN OWENS,**

        **Plaintiffs,**

**-vs-**                                            **Case No. 6:05-cv-1315-Orl-28DAB**

**VINELAND, LLC,**

        **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND MOTION TO DISMISS ALL CLAIMS AND COUNTERCLAIMS WITH PREJUDICE (Doc. No. 32-1)**
>
> **FILED:** April 24, 2006
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The District Judge has referred this case to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section

216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on May 15, 2006 with counsel for both sides making an appearance.

Based on the representations of counsel, Plaintiff Montes was employed by Defendants as a meal server and Plaintiff Brackens as a manager of a franchised Sonic Drive-Thru establishment. Plaintiff Montes claims that she was not paid for certain hours she worked. Both Plaintiffs claimed that they were not paid their last paychecks. Montes sought $1,800 in unpaid wages and Brackens sought $657 (the weekly equivalent based on annual salary of $35,000).

Defendant counterclaimed, alleging that Montes fraudulently maintained her time by having others punch her time card for her, and that both Plaintiffs converted $1,538 from Defendant's safe. *See* Doc. No. 19. The claims by Plaintiffs and against Plaintiffs were much disputed by both sides,

with Plaintiff Montes seeking approximately $1,800 for alleged overtime worked and unpaid wages and Plaintiff Brackens seeking approximately $657 for unpaid wages. The settlement to Plaintiff Montes of $1,500 in unpaid wages and liquidated damages represents approximately 90% of the disputed principal amount she sought. The settlement to Plaintiff Brackens of $657 in unpaid salary and liquidated damages represents all of the disputed principal amount she sought.

The parties have agreed that Defendant will pay Plaintiff's attorney Richard Cellar $4,800 in attorney's fees and costs, attributing $3,600 to Montes' case and $1,200 to Brackens' case. Plaintiffs' counsel, Richard Celler, litigated the case on behalf of Plaintiffs from September 2005 to May 2006, accruing 22.7 hours in the process. Mr. Celler's hourly rate is $300, which amounted total fees incurred of roughly $6,810. Given the nature of claims and the counterclaims involved, the amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case. Defendant was not opposed to the amount of the attorney's fees.

Settlement in the amount of $1,500 for Plaintiff Montes and $700 for Plaintiff Brackens for unpaid wages and liquidated damages, and $4,800 collectively for attorney's fees is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 15, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy